UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATRINA R. MENZ,<br><br>    Plaintiff,<br><br> v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | CASE NO. 3:17-cv-05004 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

  This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 6; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter has been fully briefed. *See* Dkt. 14, 20, 21.

  After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence offered by examining doctor, Dr. Jennifer

Irwin, M.D., and erred when failing to develop the record regarding this opinion. Simply because plaintiff is able to maintain her household work of cooking and cleaning in the presence of psychosocial situational stressors does not demonstrate that plaintiff does not have marked limitation in her ability to deal with the usual stress encountered in a competitive workplace, even in the absence of substance use.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, KATRINA R. MENZ, was born in 1966 and was 23 years old on the alleged date of disability onset of August 27, 1989. *See* AR. 343-52. Plaintiff did not complete high school, but has obtained her GED. AR. 96. Plaintiff has some work experience as a maid, waitress and bartender. AR. 97-103.

According to the ALJ, plaintiff has at least the severe impairments of "polysubstance abuse (marijuana, alcohol, and methamphetamine); substance induced mood disorder versus depressive features versus major depressive disorder; antisocial personality disorder; and learning disorder not otherwise specified, status post head injury (20 CFR 416.920(c))." AR. 17.

At the time of the hearing, plaintiff was living with her husband and 22-year old daughter in a doublewide trailer. AR. 95.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 141, 152. Plaintiff's first requested hearing was held before Administrative Law Judge Rebekah Ross on April 4, 2014 (AR. 47-78) who issued a decision finding plaintiff not disabled on May 1, 2014 (AR. 163-80). Following a request for reconsideration, the Appeals Council vacated the decision and remanded the matter for further administrative proceedings (AR. 181-86). The Appeals Council expressly instructed the ALJ assigned to the matter following remand to "reconsider the opinion of Dr. Irwin (3F) by re-contacting Dr. Irwin for clarification and/or submitting the claimant for an updated evaluation," among other tasks. AR. 13.

Plaintiff appeared at a hearing before Administrative Law Judge Joanne E. Dantonio ("the ALJ") on February 22, 2016. *See* AR. 89-140. On July 29, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was disabled when substance abuse was considered but, if plaintiff stopped the substance abuse, she would not be disabled pursuant to the Social Security Act. *See* AR. 10-46. The ALJ declined to re-contact Dr. Irwin, and decided that the written decision could be issued without an additional consultative examination because the ALJ found that "Dr. Irwin's opinion [is] clear on its face." AR. 14.

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether the ALJ erred by failing to fully and fairly develop the record; (2) Whether the ALJ properly evaluated the medical evidence; (3) Whether the ALJ properly evaluated plaintiff's

testimony; (4) Whether the ALJ properly evaluated the lay evidence; and (5) Whether the ALJ properly assessed plaintiff's residual functional capacity ("RFC") in the absence of substance use, and erred by basing her step five finding on her erroneous RFC assessment. *See* Dkt. 14, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Whether the ALJ properly evaluated the medical evidence from an examining physician and whether the ALJ failed in the duty to develop the record.**

Plaintiff contends that the ALJ did not state any specific and legitimate reason for the failure to accept Dr. Jennifer Irwin, M.D.'s opinion regarding plaintiff's functional limitations in the absence of substance use. Dkt. 14, p. 4. Dr. Irwin concluded that plaintiff suffered from marked limitations in her "ability to deal with the usual stress encountered in the workplace." *Id.* Defendant contends that the ALJ appropriately gave this opinion "little weight because the longitudinal record did not indicate marked limitations in plaintiff's ability to deal with stress when the effects of her substance use were factored out." Dkt. 20, p. 7 (citing AR. 35-36, 453). However, the Court notes that this is a general statement and is not very specific.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2).

Defendant argues that the "ALJ noted, for instance, that even when plaintiff reported significant situational stressors and ongoing substance use, she engaged in full daily activities and described her occupation as that of a homemaker (as opposed to describing herself as disabled are unable to work)." *Id.* (citing AR. 36, 380-83, 451, 463, 495). However, as argued by plaintiff, just because plaintiff was able to maintain her activities of daily living in her home such as housework, laundry, dishes, and cooking, while reporting significant situational stressors does not mean that plaintiff would be able to tolerate the ordinary stress encountered in a competitive workplace and maintain adequate work place functionality. Dkt. 14, p. 7 n.9 (quoting *Garrison v. Colvin,* 759 F.3d 995, 1016 (9th Cir. 2014) (quoting *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012))) ("The critical difference between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer"). The ALJ's finding that plaintiff's ability to conduct her activities of daily living as a homemaker even when experiencing psychosocial stressors is inconsistent with a marked limitation in the ability to tolerate

workplace stress is not based on substantial evidence in the record as a whole. One has much more flexibility in scheduling activities of daily living, can get help from others with household tasks, and is not bound to a particular standard of performance at home, unlike at work: what plaintiff can tolerate as far as psychosocial stress and still be able to be a home maker does not demonstrate her ability to perform competitive work activities when dealing with the usual stress encountered in a competitive work environment.

Similarly, defendant contends that it was reasonable for the ALJ not to credit fully Dr. Irwin's opinion regarding limitation in dealing with workplace stress because plaintiff's stressors were psychosocial and not related to impairments. However, there is no indication that Dr. Irwin based her opinion regarding plaintiff's limitations on workplace stress because plaintiff was experiencing psychosocial stressors in her life.

Also problematic, Dr. Irwin's opinion is one of the opinions that was the subject of the remand from the Appeals Council. *See* AR. 13. At the beginning of the written decision, the ALJ noted that in "an order dated January 5, 2015, the Appeals Council vacated the [previous] hearing decision and remanded the case to the undersigned for further proceedings to reconsider the claimant's residual functional capacity; [and] reconsider the opinion of Dr. Irwin (3F) by re-contacting Dr. Irwin for clarification and/or submitting the claimant for an updated evaluation . . . ." *Id.* It does not appear from the record that the ALJ re-contacted Dr. Irwin. Therefore, in order to comply with the order from the Appeals Council, the ALJ should have submitted plaintiff for an updated evaluation. *See id.* According to the relevant federal regulation, the

"administrative law judge shall take any action that is ordered by the Appeals Council . . . ." 20 C.F.R. § 416.1477.

Plaintiff contends that the ALJ erred in the duty to develop the record by failing to comply with plaintiff's request for a rescheduling of her consultative evaluation. As noted in ALJ's written decision, at plaintiff's hearing, the ALJ "denied the request to schedule another consultative examination." AR. 14. When doing so, the ALJ relied on a finding that "a consultative examination was in fact ordered and scheduled for July 30, 2015 [and] the claimant was provided with notice of this appointment and reminder regarding this appointment." *Id*. (internal citation to AR. 431-33). However, it appears that plaintiff was sent only a reminder. *See* AR. 431-33. Furthermore, plaintiff points out that the record does not reflect that she received this reminder. Dkt. 21, p. 2 (citing AR. 433). Instead, plaintiff notes that plaintiff changed her mailing address around this time. *Id*. (citing AR. 321). When denying plaintiff's request for another consultative examination, the ALJ relied on a finding that plaintiff intentionally failed to show at the initial consultative examination. *See* AR. 14 ("the undersigned is not bound to continue to order consultative examinations to which the claimant chooses not to go"), 433. However, the ALJ did not cite any evidence demonstrating that plaintiff received the notice of the examination. Therefore, the ALJ's finding that plaintiff intentionally failed to attend the appointment is not a finding based on substantial evidence in the record.

Finally, when failing to grant plaintiff's request for an additional consultative examination in accordance with the order from the Appeals Counsel, the ALJ indicated that "Dr. Irwin's opinion [is] clear on its face and the opinion is weighed accordingly

below." AR. 14. However, plaintiff's argument that Dr. Irwin's opinion is ambiguous, at least with respect to the opinion regarding plaintiff's ability to deal with ordinary workplace stress, is persuasive.

The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). The ALJ's "duty exists even when the claimant is represented by counsel." *Brown*, *supra*, 713 F.2d at 443 (citing *Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981)). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

The particular opinion that the Court has been discussing, regarding marked limitation in plaintiff's ability to deal with stress, stands out in the record as the only one to specify the impairment which underlies the basis for limitation. The relevant section of Dr. Irwin's opinion includes the following:

> Her ability to perform work activities on a consistent basis without special or additional instruction is moderately impaired.
>
> Her ability to maintain regular attendance in the workplace is moderately impaired.
>
> Her ability to complete a normal workday or workweek without interruption from a psychiatric condition is markedly too severely

        impaired at this time due to polysubstance abuse and associated mood disturbance symptoms.

        Her ability to deal with the usual stress encountered in the workplace is markedly impaired.

AR. 453.

    Dr. Irwin opined that plaintiff suffered from marked limitations in her "ability to deal with the usual stress encountered in the workplace." AR. 453. However, Dr. Irwin's opinion does not indicate whether this limitation is due to plaintiff's substance use, or whether it is due to something else, such as objective observations or assessment of plaintiff's history. *See id*. In the context of this particular ALJ decision, where the materiality of substance use is a relevant issue, Dr. Irwin's opinion is ambiguous. As noted in the order from the Appeals Council, Dr. Irwin specifically noted that a different limitation, that is, plaintiff's limitation in her ability to complete a normal workweek, was affected by substance abuse; however, "review of Dr. Irwin's opinion reveals that the other assessed limitations do not have similar caveats." AR. 183. The Appeals Council concluded that "[b]ecause this opinion is a primary basis for the decision's materiality finding, further development is required. Re-contact the source for clarification and/or submit the claimant for an updated evaluation." *Id*.

    Instead of following the explicit order from the Appeals Counsel, the ALJ concluded that "Dr. Irwin's opinion [is] clear on its face." AR. 14. As noted subsequently in the ALJ's written decision, the ALJ concluded that because "Dr. Irwin did not modify any of her other functional limitations with a specific reference to substance abuse, it is reasonable to read the remainder of her statement as a description of the limitations she

believes the claimant retained due to non-substance abuse related impairments." AR. 35. However, the opinion referenced is Dr. Irwin's opinion that plaintiff's "ability to complete a normal workday or workweek without interruption from a psychiatric condition is markedly to severely impaired at this time due to polysubstance abuse and associated mood disturbance symptoms." AR. 453. This limitation specifically indicates that an ability must be maintained "without interruption from a psychiatric condition." *Id*. Therefore, it is reasonable for the doctor, when opining that there is a limitation in this area, to specify the "psychiatric condition." The other assessed limitations do not depend explicitly on a specified condition. It is unclear. Based on the record as a whole, the Court concludes that this aspect of Dr. Irwin's opinion on workplace stress is ambiguous.

Therefore, based on the record as a whole and for the reasons stated, the Court concludes that the ALJ's finding that Dr. Irwin's opinion is clear on its face is not based on substantial evidence in the record as a whole. Instead, the Court concludes that the opinion is ambiguous. The Court also agrees with the Appeals Council that this particular opinion is important and further development of the record is required. *See* AR. 183. The Court also notes that according to the relevant federal regulation, the "administrative law judge shall take any action that is ordered by the Appeals Council . . . ." 20 C.F.R. § 416.1477. Therefore, the ALJ erred by failing to do so regarding Dr. Irwin's opinion.

For the reasons stated, and based on the record as a whole, the Court concludes that the ALJ erred when failing to credit fully the opinion from Dr. Irwin that plaintiff suffers from marked limitation in her ability to deal with the usual stress encountered in the workplace and erred when failing to develop the record and follow the order from the

Appeals Council to re-contact Dr. Irwin or to resubmit plaintiff for an additional consultative examination.

The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Had the ALJ re-contacted Dr. Irwin, she might have cleared up the ambiguity in plaintiff's favor, that is, she might have indicated that the opinion regarding marked limitation dealing with workplace stress is indicated even in the absence of substance use, and Dr. Irwin might have offered appropriate explanation for the opinion, such as that it was based on objective examination results and/or observations. Similarly, had the ALJ

granted plaintiff's request for a consultative examination, the alternative requirement of the Appeals Council's order, the examining doctor might have concurred with Dr. Irwin and/or been able to explain and/or substantiate the opinion. Similarly, fully crediting Dr. Irwin's opinion of marked limitations dealing with workplace stress could lead to a different RFC finding, or to a finding that no jobs exist that one with plaintiff's RFC could perform.

Therefore, for the reasons stated and based on the record as a whole, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully the testimony could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the error is not harmless and this matter should be reversed and remanded, as requested by plaintiff. *See* Dkt. 21, p. 10.

Although plaintiff requests remand to a different ALJ, plaintiff has not made much of an attempt to demonstrate bias. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (ALJs "are presumed to be unbiased" and a claimant asserting bias must "show that the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment'") (quoting *Liteky, supra*, 510 U.S. at 551). Therefore, this request is denied.

(2) **Whether the ALJ properly evaluated plaintiff's testimony and whether the ALJ properly evaluated the lay evidence**.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding

limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter. Similarly, the lay evidence should be evaluated anew following remand of this matter.

    (3) **Whether the ALJ properly assessed plaintiff's residual functional capacity (RFC) in the absence of substance use, and erred by basing her step five finding on her erroneous RFC assessment**.

As a result of the Court's remand for further administrative proceedings consistent with this Order, plaintiff's RFC in the absence of substance use, and the subsequent step five finding must be evaluated anew following remand of this matter.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 5th day of January, 2018.

J. Richard Creatura
United States Magistrate Judge